LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29755

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF A.A.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 07-11258)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Mother-Cross-Appellant (**Mother**) is the legal and natural mother of A.A. who was born on August 10, 2006.  Father-Appellant (**Father**) is the legal and natural father of A.A. **[see FOF 65]** Father and Mother appeal from the Order Granting Motion Awarding Permanent Custody and Establishing a Permanent Plan Filed November 7, 2008, filed on March 25, 2009 (**Order Granting Motion for Permanent Custody**), in the Family Court of the First Circuit (**Family Court**).[1]

Points of Error

On appeal, Father challenges Findings of Fact (**FOF**) 86, 89, 90, 95, 96, 102, and 103, Conclusions of Law (**COL**) 9, 10, and 11, and contends that the Family Court abused its discretion by awarding permanent custody of A.A. to Appellee, State of Hawai'i, Department of Human Services (**DHS**).  Father argues that the Family Court:  (1) erred when it found that DHS had made reasonable efforts to effectuate reunification because DHS failed to provide parents with an adequate and appropriate family service plan; and (2) abused its discretion when it awarded permanent custody of A.A. to DHS because DHS failed to demonstrate, by clear and convincing evidence, that parents are not willing and are unable to provide A.A. with a safe family

---

[1]   The Honorable James H. Hershey presided.

home now or in the foreseeable future, even with the assistance of a service plan.

On appeal, pointing to FOFs 98 and 99, Mother challenges the FOFs and COLs on the grounds that they do not address whether the permanent plan is in A.A.'s best interest pursuant to Hawaii Revised Statutes (**HRS**) § 587-73(a). Mother argues that she has been in substantial compliance with the service plan as she has been in therapy twice monthly in Washington State since June of 2008, has completed parenting classes in Hawai'i and New Jersey, and because Mother is in military service, A.A. would qualify for the Exceptional Family Member Program (**EFMP**), which would provide daycare, respite care, and an in-home nurse for A.A. Mother challenges the testimony of the DHS service worker who admitted that Mother was not diagnosed with any mental health problems and that he did not require any domestic violence services in Mother's service plan. Mother also contends that, although she continued to comply with the service plan, she did not have a reasonable opportunity to reunite with A.A. because, due to financial hardship following Father's discharge from military service, she left for New Jersey (where she has family), and later enlisted in the military herself in order to be able to provide support and a safe home for A.A. Mother argues that her military service should not be used against her in terminating her parental rights.

Standards of Review

The Family Court possesses wide discretion in making its decisions. The Family Court's decisions will not be set aside unless there is a manifest abuse of discretion. Therefore, "we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." Fisher v.

Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

> The family court's FOFs are reviewed on appeal under the clearly erroneous standard. A FOF is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.
>
> On the other hand, the family court's COLs are reviewed on appeal *de novo*, under the right/wrong standard. COLs, consequently, are not binding upon an appellate court and are freely reviewable for their correctness.
>
> . . . .
>
> Moreover, the family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if supported by the record and not clearly erroneous, must stand on appeal.

Id. (citations, internal quotation marks, brackets, and some ellipses omitted).

Discussion

Upon careful review of the record and the briefs submitted by the parties and having given careful consideration to the arguments advanced and the issues raised by the parties, we resolve Father and Mother's points of error as follows:

It is undisputed that A.A. is a medically-fragile child. She suffers from cerebral palsy, hypoxic ischemic encephalopathy, dysphagia, gastroesophageal reflux disorder, developmental delays, and other medical conditions that require her to be fed through a "G-tube" and be maintained on an intensive ongoing comprehensive treatment regimen. While still an infant, A.A. was initially taken into custody after reports of abuse, neglect, and a failure to thrive. The Family Court found, and parents do not challenge, that any transition for A.A. would be against medical advice.

Contrary to Father's argument that DHS failed to make reasonable efforts to reunify A.A. with her parents, it appears that the limited number of recommended services for Father was attributable, at least in part, to Father's failure to complete the service that were required, parents' failure to attend 21 of their 31 scheduled visits with A.A., and parents' relocation to the mainland. Although A.A. was taken into custody in February of 2007 and a service plan was stipulated to in April of 2007, Father failed to participate in a psychological evaluation until March 18, 2008. Without the psychological evaluation, DHS was not able to determine what services were required by Father and Father did not request any additional services. There is substantial evidence in the record to support the FOFs and COLs challenged by Father.

DHS's witnesses testified that Mother and Father were not prepared to or capable of taking care of the medical needs of A.A. The Family Court found the DHS witnesses to be credible and persuasive, whereas it found parents' testimony to lack a realistic understanding of the difficulties of providing a safe and secure family home to A.A. The Family Court's conclusion that A.A.'s parents are not willing and able to provide her with a safe family home now or in the foreseeable future, even with a service plan, is supported by numerous unchallenged findings, which are supported by the record in this case.

Mother is mistaken in her argument that the Family Court did not address whether the permanent plan would be in A.A.'s best interest pursuant to HRS § 587-73(a). The Family Court did so in FOF 53, COL 12, and through numerous other FOFs and COLs. Although Mother's living situation arguably stabilized after she left Hawai'i and then, months later, left New Jersey to relocate to Washington State with her enlistment in the military, and Mother appeared to be in substantial compliance with certain aspects of the service plan, including attendance at therapy and

completion of parenting classes, in light of A.A.'s medically-fragile condition, A.A.'s failure to thrive in her parents' care, parents' history of domestic violence and unstable relationship, and the reports of neglect and threat of abuse/neglect of A.A., and of a younger sibling who was born in New Jersey after parents left Hawai'i, we cannot conclude that the Family Court abused its discretion in granting permanent custody to DHS. There is no indication in the record or in the orders of the Family Court that support Mother's assertion that the Mother's military service was "used against her" in terminating her parental rights.

For these reasons, we affirm the Family Court's March 25, 2009 Order Granting Motion for Permanent Custody.

DATED: Honolulu, Hawai'i, January 20, 2010.

On the briefs:

Herbert Y. Hamada
for Mother-Appellant

Wilfred S. Tangonan
for Father-Appellant

Lila C.A. King
Mary Anne Magnier
Deputy Attorneys General
for Petitioner-Appellee
Department of Human Services

Presiding Judge

Associate Judge

Associate Judge